### WEST'S SYNDIC *vs.* CARLETON AND LOCKETT.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The statutes of 1809 and 1826, authorising summary proceedings against counsellors and attorneys at law, who refuse to pay over money collected by them for clients, do not entitle them to the intervention of a jury.

Attorneys at law, collecting money due to an insolvent estate, cannot retain their fee, but are required to pay the money over to the syndic, and have their claim for fees placed on the tableau, and its payment ordered in the general distribution.

The plaintiff took a rule on the defendants, to show cause why they should not pay over the amount of a judgment which they had collected, and was due to the estate he administered as syndic, they having refused to do so, on application made to them.

The defendants denied that they were liable to be proceeded against in this summary way, but could only be sued in the ordinary form; they further state they have a legal claim in compensation of the demand brought against them; and that they have never refused, but offered to settle fairly with the plaintiff, who refused to join them.

In their answer to the rule, the defendants annex an account for professional services rendered the plaintiff, which overruns the amount of moneys collected by them and not paid over. They plead this account, in compensation and reconvention, and pray that the cause be tried by a jury.

On hearing the rule it was made absolute, and the defendants ordered to pay over the money in their hands to the plaintiff. They appealed.

*J. Slidell,* for the plaintiff.

1. An attorney at law has no lien or privilege upon moneys collected. No such privilege is conferred by the Code, and none exist but those which are expressly permitted by it. *Louisiana Code, art.* 3152.

2. No payment can be made by a syndic, or other disposition made by him of the funds of the estate, but upon his filing a tableau of distribution, and its homologation after legal notice to the creditors. 2 *Martin, N. S.,* 157. 4 *Ibid.,* 633. 7 *Ibid.,* 157. 1 *Louisiana Reports,* 172.

*Carleton* and *Lockett,* in *propriâ personâ, contra.*

*Mathews, J.,* delivered the opinion of the court.

This suit commenced by a rule on the defendants to show cause why they should not pay over to the plaintiff certain sums of money which they had collected for him, as attorneys and counsellors at law, and the rule was made absolute, from which the defendants appealed.

They excepted to the legality of the summary proceeding as adopted by the plaintiff, and finally claimed to have the cause tried by a jury. Their exception and claim for a jury was overruled by the court below, and judgment on hearing the case, was rendered as above stated.

The statutes of 1809 and 1826, authorising summary proceedings against counsellors and attorneys at law, who refuse to pay over money collected by them for clients, do not entitle them to the intervention of a jury.

We find two statutes on the subject of summary proceedings against counsellors and attorneys who refuse to pay over money received by them for clients ; one passed in 1809, and the other in 1826. Taken together, they certainly authorise judgments, to be rendered in the cases provided for in summary proceedings by motion.

The defendants come within the purview of these statutes, and it appears to us, that parties who are by law subjected to summary proceedings by motion, to a court, are not entitled to claim a jury : this would be to introduce delays

not tolerated by laws which require prompt proceedings. We are, therefore, of opinion that the judge *a quo* did not err in overruling the exception and claim for a jury, made by the defendants.

On the merits, the present case does not require of us to settle the question, whether an attorney may legally retain out of money by him collected, any portion of the same, which, in his judgment, he considers a just compensation for his services.

The plaintiff claims as syndic administering his estate for the benefit of his creditors; he is bound to collect all sums due to it, and cannot legally pay any creditor without a tableau of distribution, duly homologated. If the defendants are creditors by privilege or otherwise, they must submit their claims to orders for general distribution, &c.

*Attorneys at law, collecting money due to an insolvent estate, cannot retain their fee, but are required to pay the money over to the syndic, and have their claim for fees placed on the tableau and its payment ordered in the general distribution.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.